■ ARTHUR T. FREDRIKSEN, Respondent, v. CHESTER BORNSCHEUER, Appellant.— In an action to recover the amount alleged to be due pursuant to the terms of a written agreement between the parties with respect to certain motor vehicles, defendant appeals from an order of the Supreme Court, Suffolk County, dated March 25, 1961, and thereafter entered in Nassau County on March 27, 1961, which denied his motion to stay the prosecution of this action pending appraisal and arbitration in accordance with the terms of said agreement. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ LILLIAN GOLDMAN et al., Respondents, v. WILLIAM N. REESE et al., Appellants.— In a negligence action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Nassau County, dated October 11, 1960, made upon a motion for " reargument " (actually a rehearing) on additional papers, as granted plaintiffs' motion for summary judgment and directed an assessment of damages, pursuant to rule 113 of the Rules of Civil Practice. The female plaintiff claims to have been injured when a parked automobile in which she was seated was struck by another automobile (owned by defendant William N. Reese) while it was being backed out of a parking space by defendant William D. Reese. Order insofar as appealed from reversed, without costs, and plaintiffs' motion for summary judgment denied. In view of the sharp dispute as to the force of impact between the two vehicles and as to the alleged injuries, there should be a trial of the entire case so that the jury may determine upon all the evidence adduced whether the claimed injuries could have resulted from this accident (*Steinbach* v. *Denker*, 13 A D 2d .795). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.